IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
                 Plaintiff,     )
                                )
        v.                      )        Case No. 10-10178-05-WEB
                                )
KASSIE LIEBSCH,                 )
                                )
                 Defendant.     )

MEMORANDUM AND ORDER

The defendant Kassie Liebsch pled guilty to Conspiracy to Defraud the United States through Wire Fraud, Tax Obstruction and Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § § 371 and 1343. She filed two objections to the Presentence Report, as well as a sentencing memorandum (Doc. 74), which argued for a sentence of probation. The court orally ruled on the objections and the request for a variance at the sentencing hearing of March 30, 2011. This Memorandum and Order supplements the court's oral ruling.

Defendant's first objection concerns the amount of money given to her by co-defendant Rodney Jones. Defendant argues the amount cited in the Presentence Report, $299,271.00, is an overstatement. The defendant does not dispute that under the relevant conduct guidelines, she is responsible for the full $1,197,084 which Jones, she and others obtained from the ticket scheme, nor does she challenge the Report's calculation of the applicable guideline range. Insofar as the amount she personally received and the resulting tax loss and restitution obligation to the IRS are concerned, however, defendant argues that she only received approximately $100,000 and that the correct tax loss should be 28% of that amount, or $28,000, instead of the $79,863.77 tax loss

1

estimated in the Presentence Report. Defendant concedes she does not have any financial records to show the amount of money she received, but asserts that she reasonably believes it is less than the amount in the Presentence Report. Defendant points out that the parties estimated the amount to be $100,000 in her plea agreement.

The Government's response asserts that the defendant's version of how much she received has changed over time, and contends that Rodney Jones' estimate of the amount is more reliable. The Government contends the amount should be based on the figures provided by co-defendant Jones, the total amount of tickets sold, and the percentage allegedly received by the defendant.

The amount of restitution must be based on actual loss. United States v. Quarrell, 310 F.3d 664, 680 (10th Cir. 2002). The restitution amount must be based on the defendant's conduct. United States v. Smith, 156 F.3d 1046, 1057 (10th Cir. 1998). In making a restitution order, the court must make a reasonable estimate of the loss, given the information provided. United State v. Gallant, 537 F.3d 1202, 1252 (10th Cir. 2008). The probation officer shall obtain and include information in the presentence report "sufficient for the court to exercise its discretion in fashioning a restitution order." United States v. Barton, 366 F.3d 1160, 1165 (10th Cir. 2004). Any dispute shall be resolved by the court by a preponderance of the evidence standard. Id.

The undisputed facts before the court show that the defendant was involved in the conspiracy from 2005 to 2009. The total loss was over $2 million. Defendant received tickets from Charlette Blubaugh and was instructed to give tickets to co-defendant Jones and Kirtland at their request. Jones sold the tickets, and shared the proceeds with Kirtland and defendant. Jones

showed defendant how to convert the cash to money orders to avoid currency reporting requirements.

The court notes that the co-conspirators purposely concealed their actions and avoided creating any records that would show precisely how much money they each received. The defendant's statement regarding how much money she received has changed over time. In the court's view, the information provided by Jones represents a more reliable estimate of the total proceeds likely obtained by the defendant. The court concludes that amount of $299,271.00 accurately represents the amount of financial gain by the defendant and that the tax harm of $79,863.77, as set forth in the presentence report, is correct.

Defendant's second objection concerns the failure of the Government to file a motion under USSG § 5K1.1 on her behalf. Doc. 74 at 4. Defendant, citing the plea agreement and a comment by the court at the time of the plea, argues the Government promised in the plea agreement to file a § 5K1.1 motion. The Government's response asserts that the defendant lied to University of Kansas investigators about her involvement in the case, and that she was not forthcoming with the Government in stating the amount of proceeds she received. Further, the Government contends the defendant participated in a phone conference with various co-defendants in which they discussed manipulating the ticket software system to cover up ticket thefts. According to the Government, when confronted by the Government with this information at her debriefing she initially denied being involved before admitting it was true. Defendant has not challenged this assertion.

The Government ordinarily has discretion to decide whether to file a 5K1.1 motion. United States v. Courois, 131 F.3d 937, 938 (10th Cir. 1997). "Absent an unconstitutional

motive..., the prosecutor enjoys complete discretion in determining whether to file a substantial assistance motion, and ... a claim seeking to compel a motion based on a defendant's view of what he or she deems to have been 'substantial assistance' will not be entertained." United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993).  Section 5K1.1 "gives the government a power, not a duty," to file a motion for a downward departure when the defendant has provided substantial assistance.  Wade v. United States, 504 U.S. 181, 185 (1982).

Defendant contends the Government promised in the plea agreement to file such a motion.  The specific language in the plea agreement controls this question.  See Courois, 131 F.3d at 939.  When the language leaves the discretion to the Government, failure to file a downward departure does not breach the agreement.  Id..

The plea agreement between the parties included the following provisions:

> 5. <u>Government's Agreements</u>.  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:
> a. To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;
> b. To file a motion pursuant to 5K1.1 of the guidelines reflecting the defendant's substantial assistance in investigating and prosecuting her co- conspirators in this case.
> \* \* \*
> 7. <u>Substantial Assistance</u>.  The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e).  The defendant also acknowledges and understands that the determination as to whether the defendant has provided substantial assistance and whether a motion pursuant to U.S.S.G. § 5K1.1 will be filed are left entirely and exclusively within the discretion of the United States.  If a determination is made by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and / or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

The two sections of the plea agreement, when read together, clearly reflect an

understanding that the Government was retaining its discretion to determine whether to file a 5K1.1 motion. The Government clearly made no promise to the defendant that it would necessarily file a motion, regardless of the defendant's assistance or lack thereof following the plea. In fact, the agreement recognized that as of the time of the plea, substantial assistance had not yet been provided. Finally, the court notes that defendant does not contend that the Government's refusal to file a 5K1.1 motion was based on an unconstitutional motive. In sum, the court concludes that the Government is not obligated to file a 5K1.1 motion in these circumstances and the defendant is not entitled to a substantial assistance reduction in the advisory guideline range.

Defendant also filed a sentencing memorandum, based on the factors in 18 U.S.C. § 3553(a), seeking a variance to a sentence of probation. Defendant notes she has no criminal history and argues that her personal characteristics show she is capable of conforming to rules and regulations. Defendant argues that a sentence of imprisonment does not fit the crime and that a sentence of probation will provide adequate deterrence to criminal conduct. Defendant points out her clean record to show that the public is not at risk, and based on her education and background, she does not require educational or vocational training or treatment. Finally, defendant argues that a guideline sentence is greater than necessary to serve the purposes of sentencing. The Government argues against a sentence of probation, arguing that the defendant continued to conceal her involvement in the crime and only recently began to accept responsibility for her crime.

Under section 3553(a), the court is required to impose a sentence sufficient, but not greater than necessary, to achieve the purposes of sentencing. After considering these factors,

5

the court concludes that a sentence of 37 months, at the low end of the advisory guideline range, is an appropriate sentence in this case. Given the nature of the offense, including the extent of the conspiracy and the defendant's willing participation in it over an extended period of time, a sentence of imprisonment rather than probation is warranted. The 37-month sentence is necessary, in the court's view, to reflect the seriousness of the offense, to provide just punishment, to deter others, and to avoid unwarranted sentencing disparities with defendants who have been convicted of similar offenses.

*Conclusion*.

Defendant's objections to the Presentence Report and her request for a variance are DENIED. IT IS SO ORDERED this __4th__ Day of April, 2011, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge